Ex Parte Colón.

Appeal from the District Court of Guayama.

No. 51.—Decided October 19, 1905.

Habeas Corpus—Petition—Allegations—Void Judgment or Commitment.—
In order to determine in *habeas corpus* proceedings the legality or illegality of the imprisonment of the petitioner, it is necessary to allege a want of jurisdiction or a fundamental error in the judgment or commitment and that it be of such a nature as to render the same null and void.

The facts are stated in the opinion.
*Mr. Rossy, fiscal,* for respondent.
The appellant did not appear.
Mr. Justice Figueras delivered the opinion of the court.
The application for a writ of *habeas corpus* made to the District Court of Guayama was based solely upon the allegation that the complaint filed by Manuel Guerra, a private of the Insular police force, was not sworn to, because although

it appears, he says, that the oath was administered by the secretary of the Municipal Court of Guayama, secretaries of such courts have not the power to administer oaths, according to the act of the Legislative Assembly approved on March 8, 1904.

The judge of the District Court of Guayama, after considering the case, denied the application on the ground that there is an act of May 28, 1904, subsequent to that of March 8, 1904, which prescribes that "the procedure for the institution and trial of criminal cases in the municipal courts, shall be the same as provided by law for criminal cases in the justice of the peace courts;" and section 15 of the Code of Criminal Procedure provides that the secretary of the justice court shall have power to receive complaints and to administer oaths to witnesses, etc.

The record does not show that this complaint was sworn to before the secretary of the Municipal Court of Guayama, but the petitioner alleges that it was sworn to, although he denies the authority of such officer to administer oaths.

The judge of the district court decides the matter, as will have been observed, upon a similar assumption, and it is to be assumed that, as a matter of fact, the complaint was sworn to and that the secretary of the municipal court omitted to state this requisite when he issued the certificate before the court.

I have no doubt as to the authority of secretaries of municipal courts to administer oaths, inasmuch as the law of March 8, 1904, upon which the appellant bases his application, amended only the second section of the original law governing oaths, approved on March 12, 1903, leaving the other sections of said law in force, the fifth section of which provides: "Oaths and affirmations may also be administered and affidavits taken and certificates given thereof as in other cases, and by such other officers as are or may be prescribed by law."

But the Code of Criminal Procedure was already in force, having gone into effect on July 1, 1902, and at that time

secretaries of justice courts had already been given the power to administer oaths in proceedings before said courts (Section 15 of said Code). Subsequently, it was desired to have them retain such authority and the law continued it when it provided that oaths could be administered by the officials now (March 12, 1903) having said power.

Apart from the fact that there could be no logical explanation as to why secretaries of justice courts should have such authority and secretaries of municipal courts not, we have the act approved on May 28, 1904, cited by the judge of the District Court of Guayama in his decision transcribed in this opinion, which act established the same procedure for the institution and prosecution of proceedings in municipal courts as was in vogue for the initiation and prosecution of criminal causes in justices' courts.

Hence, agreeing with the judge of the district court, I am of opinion that the secretaries of municipal courts are authorized to administer the oaths which may be necessary in the criminal cases coming before their courts.

Such reasoning, however, in support of the decision appealed from, is not necessary if it be considered that when the appellant Gregorio Colon sought his release under a writ of *habeas corpus* on the grounds alleged, he was already serving the sentence pronounced by the municipal judge of Guayama, for the crime of assault and battery with aggravating circumstances, said sentence having been imprisonment for one year and the payment of a fine of $500 and costs.

Hence, even assuming that the complaint or charge were defective, we cannot now, at the stage which the proceedings have reached, by this appeal, reverse a judgment when it is not alleged that the judge who rendered it was without jurisdiction in the premises, or that there was any material error in the judgment itself or in the warrant of imprisonment issued for its execution sufficient to produce its nullity.

For these reasons, I am of opinion, and recommend, that

the decision of the judge of the District Court of Guayama be·affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernandez, Mac-Leary and Wolf concurred.